**JUDGE HELLERSTEIN**

UNITED STATES DISTRICT COURT 11 CV 3187
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

JASON PARKER,

                            Plaintiff,

      -against-

CITY OF NEW YORK, ANGEL CRESPO, BRIAN MURPHY,
PAUL KERRIGAN, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.

--------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

[RECEIVED stamp: MAY 11 2011 — U.S.D.C. S.D.N.Y. CASHIERS]

     Plaintiff JASON PARKER, by his attorneys, Leventhal & Klein, LLP, complaining of
the defendants, respectfully allege as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as
said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, the Fourth
and Fourteenth Amendments to the United States Constitution, and the Constitution of the State
of New York.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff JASON PARKER is a twenty-eight year old African American man legally residing in Manhattan, New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.    That at all times hereinafter mentioned, the individually named defendants, ANGEL CRESPO, BRIAN MURPHY, PAUL KERRIGAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## FACTS

12.     On June 26, 2008, at approximately 12:30 a.m., plaintiff JASON PARKER was a lawful pedestrian in front of his home located at 200 West 143rd Street, New York, New York.

13.     At the aforesaid time and place, the defendants unlawfully stopped, detained, and questioned plaintiff

14.     When the defendants reached into plaintiff's pockets, plaintiff objected. In response, the defendants grabbed plaintiff, struck him on his head and legs with an metal retractable baton, known as an ASP, repeatedly struck him on his body, grabbed him around his neck and slammed him to the ground.

15.     The defendants handcuffed and searched plaintiff, patting him down and searching inside his pockets.

16.     Despite the defendants' lack of probable cause to believe plaintiff had violated any law, the defendants transported plaintiff to an NYPD police precinct and imprisoned him therein.

17.     The defendants imprisoned plaintiff until his arraignment on baseless charges filed in New York County Criminal Court under docket number 2008NY047927; said charges having been filed based on the false allegations of defendant CRESPO. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority and use of excessive force.

18.     On February 10, 2009, all the purported charges levied against plaintiff based on the false allegations of the defendants were dismissed in New York County Criminal Court.

3

19.    All of the above occurred while via the direct participation of the defendant NYPD officers and/or their failure to intervene in the illegal conduct described herein.

20.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and due to discrimination against plaintiff due to his race and/or nationality.

21.    The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affair Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the authority to stop, detain, search, and arrest, and the excessive use of force.

22.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

23.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24.    As a result of the foregoing, plaintiff JASON PARKER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

4

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

25.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27.    All of the aforementioned acts deprived plaintiff JASON PARKER, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

28.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

29.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.    As a result of the foregoing, plaintiff JASON PARKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

5

attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.    Defendants arrested plaintiff JASON PARKER, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

34.    Defendants caused plaintiff JASON PARKER, to be falsely arrested and unlawfully imprisoned.

35.    As a result of the foregoing, plaintiff JASON PARKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

36.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JASON PARKER' constitutional rights.

38.    As a result of the aforementioned conduct of defendants, plaintiff JASON PARKER was subjected to excessive force and sustained physical injuries and emotional distress.

39.    As a result of the foregoing, plaintiff JASON PARKER is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

40.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.    Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted in a Criminal Court.

42.    Defendants caused plaintiff JASON PARKER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

43.    As a result of the foregoing, plaintiff JASON PARKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

44.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

46.    Defendants caused plaintiff JASON PARKER to be prosecuted without any probable cause until the charges were dismissed on February 10, 2009.

7

47.    As a result of the foregoing, plaintiff JASON PARKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

48.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    The defendants falsely arrested and maliciously prosecuted plaintiff JASON PARKER because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

50.    As a result of the foregoing, plaintiff JASON PARKER was deprived of his rights under the Equal Protection Clause of the United States Constitution.

51.    As a result of the foregoing, plaintiff JASON PARKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

52.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    Defendants had an affirmative duty to intervene on behalf of plaintiff JASON PARKER, whose constitutional rights were being violated in their presence by other officers.

54.    The defendants failed to intervene to prevent the unlawful conduct described

herein.

55.    As a result of the foregoing, plaintiff JASON PARKER was subjected to false arrest, his liberty was restricted for an extended period of time, he was put in fear of his safety, he was subjected to excessive force, he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

56.    As a result of the foregoing, plaintiff JASON PARKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

57.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

59.    As a result of the foregoing, plaintiff JASON PARKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

60.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

9

61.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

62.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to: stopping, detaining, and searching individuals without reasonable suspicion; subjecting individuals to excessive force when the object to unlawful stops and searches, and; arresting citizens without probable cause and then committing perjury and/or manufacturing evidence and/or engaging in falsification in an effort to convict such individuals and/or to cover up for the abuse of authority. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JASON PARKER' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

63.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JASON PARKER.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JASON PARKER, as alleged herein.

65.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force

10

behind the Constitutional violations suffered by plaintiff JASON PARKER, as alleged herein.

66.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JASON PARKER was unlawfully seized, detained, incarcerated, searched, and prosecuted.

67.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JASON PARKER' constitutional rights.

68.    All of the foregoing acts by defendants deprived plaintiff JASON PARKER of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from seizure and arrest not based upon probable cause;

      C.    To be free from malicious abuse of process and/or malicious prosecution;

      D.    To be free from false imprisonment/arrest;

      E.    To receive equal protection under law;

      F.    To be free from the failure to intervene.

69.    As a result of the foregoing, plaintiff JASON PARKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JASON PARKER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages in an amount to be determined by a jury;

(C)    reasonable attorney's fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 10, 2011

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)

Attorneys for Plaintiff JASON PARKER

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JASON PARKER,

                                        Plaintiff,

                                                                        Docket No.

            -against-

CITY OF NEW YORK, ANGEL CRESPO, BRIAN MURPHY,
PAUL KERRIGAN,  and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),


                                        Defendants.

--------------------------------------------------------------------------------X




**COMPLAINT**




**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100